Per Curiam,.

The objection to the report of the referees, in this case, rests upon a mistaken construction of the statute in question. The fourth section of that statute is very obscure in its terms, and very difficult of explanation. The first part of the section provides that, upon a division of a town into several parishes, all engagements or contracts made before the division, of a parochial nature only, shall remain in force against the first parish only, meaning the parish which is left after the new parish is set off. And the second part, in the form of a proviso, enacts that all debts of a parochial nature, in fact due and owing before a division, for services or other matters actually done and performed for the general benefit, &c., shall not be altered or devolved upon the first parish; intending, as we suppose, that such contracts shall remain chargeable upon the town.
It is supposed by the defendants that, because the meeting-house, for some part of the expense of building which this action is brought, is within the limits of the first parish, the building of it was not for the general benefit of persons living in each of the pansnes; and therefore, not coming within this last branch of the section, is included within the first, which makes the first parish liable.
*428 But the defendants are mistaken. The meeting-house, being built in pursuance of a vote of the town, before any division was made, must be considered as being for the benefit of all the inhabitants of the town at that time. And it would be a very • [ * 433 ] inequitable provision, that, after a town had * built a meeting-house, of a size equal to the accommodation of the whole town, and at a proportionate expense, a disaffected part should be permitted to be set off, and rid themselves of their proportion of the burden.
We think the services for which this action was brought were for the benefit of all the inhabitants of the town, within the intent of the section of the statute we have been considering, and so were not chargeable to the first parish only, but to the town, agreeably to the proviso of said section. The referees proceeded upon this principle; and therefore we see no legal objection to their report; which is accepted, and judgment is to be entered accordingly, (a)
ADDITIONAL. NOTE.
[See Ludlow vs. Sikes, 19 Pick. 317.—Parsonsfield vs. Dalton, 5 Greenl. 217.-Richardson vs. Brown, 6 Greenl. 355. — First Parish, &c., vs. Smith, 14 Pick. 297. — Ashby vs. Wellington, 8 Pick. 524. — Milton vs. First Congregational, &c. 10 Pick 447.—F. H.]

 [Vide First Parish of Medford vs. Pratt, 4 Pick. 222. — Ed.]